**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Unified Messaging Solutions LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13-CV-00344 |
| | ) | |
| U.S. Bancorp and U.S. Bank National | ) | |
| Association | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

**Defendants U.S. Bancorp and U.S. Bank National Association's**
**Answer and Counterclaims**

Defendants, U.S. Bancorp and U.S. Bank National Association (collectively "U.S. Bank"), answers Unified Messaging's Complaint as follows by denying all allegations and averments unless specifically admitted, qualified or otherwise answered.

**The Parties**

1.    Unified Messaging Solutions LLC ("Unified Messaging") is a limited liability company organized and existing under the laws of the State of Texas, with principal places of business located in Newport Beach, California and Frisco, Texas.

**Answer:**    U.S. Bank is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations and therefore denies them.

2.    Defendant U.S. BANCORP is a Delaware corporation with its principal place of business in Minneapolis, Minnesota. This Defendant may be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. This Defendant does business in the State of Illinois and in the Northern District of Illinois.

**Answer:**    U.S. Bank denies that U.S. Bancorp is a proper party to this litigation. U.S. Bancorp admits that its principal place of business is in Minneapolis, Minnesota and that it may be served with process through its named registered agent.

3.      Defendant U.S. BANK NATIONAL ASSOCIATION is a banking subsidiary of U.S. Bancorp with its principal place of business in Cincinnati, Ohio. This Defendant may be served with process through its registered agent, CT Corporation System, 350 North St. Paul Street, Suite 2900, Dallas, Texas 75201. This Defendant does business in the State of Illinois and in the Northern District of Illinois.

**Answer:**      U.S. Bank denies that U.S. Bank National Association's principal place of business is Cincinnati, Ohio. U.S. Bank admits the remaining allegations.

## Jurisdiction and Venue

4.      Unified Messaging brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

**Answer:**      U.S. Bank admits the Complaint purportedly contains allegations of patent infringement under the patent laws of the United States.

5.      The United States District Court for the Northern District of Illinois has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367. It also has subject matter jurisdiction for pretrial proceedings pursuant to 28 U.S.C. § 1407.

**Answer:**      Admitted.

6.      Venue is proper in the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, each Defendant is deemed to reside in the Northern District of Illinois, has committed acts of infringement in the Northern District of Illinois, has purposely transacted business in the Northern District of Illinois, and/or has regular and established places of business in the Northern District of Illinois. Venue is also proper in the United States District Court for the Northern District of Illinois for pretrial proceedings pursuant to 28 U.S.C. § 1407.

**Answer:**      U.S. Bank denies that U.S. Bancorp is a proper party to this litigation. For purposes of this litigation only, U.S. Bank admits that with respect to U.S. Bank National Association, venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(c) and 1400(b). U.S. Bank denies the remaining allegations of this paragraph, and further denies that it has committed any act of infringement anywhere, including in the Northern District of Illinois.

7.     Each Defendant is subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to due process and/or the Illinois Long Arm Statute, due at least to their substantial business in this State and judicial district, including: (A) at least part of their infringing activities alleged herein; and (B) regularly doing or soliciting business and, accordingly, deriving substantial revenue from goods and services provided to Illinois residents. With regards to pretrial proceedings, each Defendant is also subject to the United States District Court for the Northern District of Illinois's specific and general personal jurisdiction pursuant to 28 U.S.C. § 1407.

**Answer:**     U.S. Bank admits that for purposes of this litigation only, this District has personal jurisdiction. U.S. Bank admits that it does business in the Northern District of Illinois and that it has a place of business within that judicial district. U.S. Bank denies the remaining allegations of this paragraph, and further denies that it has committed any act of infringement anywhere, including in the Northern District of Illinois.

## Count I

8.     Unified Messaging incorporates paragraphs 1 through 7 herein by reference.

**Answer:**     U.S. Bank re-alleges and incorporates by reference the preceding paragraphs.

9.     Unified Messaging is the exclusive licensee of the '074 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '074 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '074 patent is attached as Exhibit A.

**Answer:**     U.S. Bank acknowledges that Exhibit A was attached to the Complaint and purports to be a copy of U.S. Patent No. 6,857,074 ("the '074 Patent"), titled "Systems and Methods for Storing, Delivering, and Managing Messages."  U.S. Bank is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

10.     The '074 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**Answer:** Denied.

11.     Defendants have infringed and continue to infringe one or more claims of the '074 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 1, and 4, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

**Answer:** Denied.

12.     More particularly, Defendants have committed direct infringements as alleged in Count I, at least through operation of their "Message Center" feature of their online banking offerings accessible through their website, www.usbank.com.

**Answer:** Denied.

13.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count I. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Answer:** Denied.

## Count II

14.     Unified Messaging incorporates paragraphs 1 through 7 herein by reference.

**Answer:** U.S. Bank re-alleges and incorporates by reference its answers to the preceding paragraphs.

15.     Unified Messaging is the exclusive licensee of the '141 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '141 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '141 patent is attached as Exhibit B.

**Answer:** U.S. Bank acknowledges that Exhibit B was attached to the Complaint and purports to be a copy of U.S. Patent No. 7,836,141 ("the '141 Patent"), titled "Systems and

Methods for Storing, Delivering, and Managing Messages." U.S. Bank is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

16.     The '141 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**Answer:**      Denied.

17.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '141 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 21, 24, and 29, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

**Answer:**      Denied.

18.     More particularly, Defendants have committed direct infringements as alleged in Count II, at least through operation of their "Message Center" feature of their online banking offerings accessible through their website, www.usbank.com.

**Answer:**      Denied.

19.     In the alternative, Defendants have committed indirect infringements as alleged in Count II at least through their inducing and/or contributing to the infringements of their customers via their "Message Center" feature. Defendants have possessed knowledge of the '141 patent since at least the time of service of this Complaint. Defendants have known or should have known that their actions would induce or contribute to actual infringement by their customers. Defendants have specifically intended for their customers to use the "Message Center" feature in a manner that infringes at least claims 21, 24, and 29 of the '141 patent by instructing and/or encouraging the customers to use the "Message Center" feature.

**Answer:**      Denied.

20.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count II. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Answer:** Denied.

## Count III

21.     Unified Messaging incorporates paragraphs 1 through 7 herein by reference.

**Answer:** U.S. Bank re-alleges and incorporates by reference its answers to the preceding paragraphs.

22.     Unified Messaging is the exclusive licensee of the '306 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '306 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '306 patent is attached as Exhibit C.

**Answer:** U.S. Bank acknowledges that Exhibit C was attached to the Complaint and purports to be a copy of U.S. Patent No. 7,895,306 ("the '306 Patent"), titled "Systems and Methods for Storing, Delivering, and Managing Messages." U.S. Bank is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

23.     The '306 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**Answer:** Denied.

24.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '306 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 5, 25, 37, and 40, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

**Answer:** Denied.

25.     More particularly, Defendants have committed direct infringements as alleged in Count III, at least through operation of their "Message Center" feature of their online banking offerings accessible through their website, www.usbank.com.

**Answer:**    Denied.

26.    In the alternative, Defendants have committed indirect infringements as alleged in Count III at least through their inducing and/or contributing to the infringements of their customers via their "Message Center" feature. Defendants have possessed knowledge of the '306 patent since at least the time of service of this Complaint. Defendants have known or should have known that their actions would induce or contribute to actual infringement by their customers. Defendants have specifically intended for their customers to use the "Message Center" feature in a manner that infringes at least claims 5, 25, 37, and 40 of the '306 patent by instructing and/or encouraging the customers to use the "Message Center" feature.

**Answer:**    Denied.

27.    Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count III. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Answer:**    Denied.

## Count IV

28.    Unified Messaging incorporates paragraphs 1 through 7 herein by reference.

**Answer:**    U.S. Bank re-alleges and incorporates by reference its answers to the preceding paragraphs.

29.    Unified Messaging is the exclusive licensee of the '313 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '313 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '313 patent is attached as Exhibit D.

**Answer:**    U.S. Bank acknowledges that Exhibit D was attached to the Complaint and purports to be a copy of U.S. Patent No. 7,895,313 ("the '313 Patent"), titled "Systems and Methods for Storing, Delivering, and Managing Messages." U.S. Bank is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

30.     The '313 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**Answer:**      Denied.

31.     Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '313 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 10 and 11, without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

**Answer:**      Denied.

32.     More particularly, Defendants have committed direct infringements as alleged in Count IV, at least through operation of their "Message Center" feature of their online banking offerings accessible through their website, www.usbank.com.

**Answer:**      Denied.

33.     In the alternative, Defendants have committed indirect infringements as alleged in Count IV at least through their inducing and/or contributing to the infringements of their customers via their "Message Center" feature. Defendants have possessed knowledge of the '313 patent since at least the time of service of this Complaint. Defendants have known or should have known that their actions would induce or contribute to actual infringement by their customers. Defendants have specifically intended for their customers to use the "Message Center" feature in a manner that infringes at least claims 10 and 11 of the '313 patent by instructing and/or encouraging the customers to use the "Message Center" feature.

**Answer:**      Denied.

34.     Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count IV. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Answer:**      Denied.

## Count V

35.     Unified Messaging incorporates paragraphs 1 through 7 herein by reference.

**Answer:** U.S. Bank re-alleges and incorporates by reference its answers to the preceding paragraphs.

36. Unified Messaging is the exclusive licensee of the '148 patent, entitled "Systems and Methods for Storing, Delivering, and Managing Messages," with ownership of all substantial rights in the '148 patent, including the right exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '148 patent is attached as Exhibit E.

**Answer:** U.S. Bank acknowledges that Exhibit E was attached to the Complaint and purports to be a copy of U.S. Patent No. 7,934,148 ("the '148 Patent"), titled "Systems and Methods for Storing, Delivering, and Managing Messages." U.S. Bank is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations and therefore denies them.

37. The '148 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

**Answer:** Denied.

38. Defendants have directly and/or indirectly infringed and continue to directly and/or indirectly infringe one or more claims of the '148 patent in this judicial district and elsewhere in Illinois and the United States, including at least claims 1, 7, 39, 90-91, 140, and 147 without the consent or authorization of Unified Messaging, by or through their making, having made, offer for sale, sale, and/or use of the patented systems and methods for storing, delivering, and managing messages through operation of various web-based messaging service(s) via their website(s) and/or attendant web server(s).

**Answer:** Denied.

39. More particularly, Defendants have committed direct infringements as alleged in Count V (including at least claims 1, 7, 39, 90-91, 140, and 147), through operation of their "Message Center" feature of their online banking offerings accessible through their website, www.usbank.com.

**Answer:** Denied.

40. Additionally, Defendants have committed direct infringements as alleged in Count V (including at least claims 1, 7, 90, and 140), through operation of their "Online

Statements" feature of their online banking offerings accessible through their website, www.usbank.com.

**Answer:**    Denied.

41.    In the alternative, Defendants have committed indirect infringements as alleged in Count V at least through their inducing and/or contributing to the infringements of their customers via their "Message Center" and/or "Online Statements" features. Defendants have possessed knowledge of the '148 patent since at least the time of service of this Complaint. Defendants have known or should have known that their actions would induce or contribute to actual infringement by their customers. Defendants have specifically intended for their customers to use the "Message Center" and/or "Online Statements" features in a manner that infringes at least claims 1, 7, 39, 90-91, 140, and 147 of the '148 patent by instructing and/or encouraging the customers to use the "Message Center" and/or "Online Statements" features.

**Answer:**    Denied.

42.    Unified Messaging has been damaged as a result of Defendants' infringing conduct described in this Count V. Defendants are, thus, liable to Unified Messaging in an amount that adequately compensates it for Defendants' infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**Answer:**    Denied.

## Demand For Jury Trial

U.S. Bank acknowledges Unified Messaging's demand for a jury trial.

## Prayer For Relief

U.S. Bank denies that Unified Messaging is entitled to any judgment or relief, and denies all allegations contained in Unified Messaging's Prayer for Relief.

## Affirmative Defenses

### First Affirmative Defense
(Failure to State a Claim)

1.    The Complaint fails to state a claim upon which relief can be granted.

## Second Affirmative Defense
(Non-Infringement)

2.      U.S. Bank has not infringed the '074, '141, '306, '313, and/or '148 patents (collectively, the "Asserted Patents") and has not induced or contributed to the direct infringement of the Asserted Patents by others.

## Third Affirmative Defense
(Invalidity)

3.      The Asserted Patents are invalid, unenforceable, and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116 for one or more of the following reasons:

   a.     The alleged inventions claimed were known or used by others in the United States before the inventions by each patent's applicant;

   b.     The alleged inventions claimed were patented or described in a printed publication in this or a foreign country before the earliest invention date to which each patentee of the Asserted Patents are entitled;

   c.     The alleged inventions claimed were in public use or on sale in the United States more than one year before the date of the earliest application for the patents in the United States;

   d.     The inventors abandoned the inventions before filing the earliest application from which the Asserted Patents issued;

   e.     The alleged inventions for which the Asserted Patents issued were first patented or caused to be patented, or was the subject of an inventor's certificate, by the named inventors or their legal representatives or assigns in a foreign country before the date of the earliest application for patent in this country on an application for patent or inventor's certificate filed more than twelve months before the filing of the earliest application in the United States;

   f.     The alleged inventions claimed in the Asserted Patents were described in a patent granted on an application for patent by another filed in the United States before the invention by the named inventors;

   g.     The inventors did not invent the subject matter claimed in the Asserted Patents;

h.   Before the applicants' inventions, the inventions were made in this country by another who had not abandoned, suppressed or concealed them;

i.   The differences between the subject matter sought to be patented in the Asserted Patents and the prior art would have been obvious at the time the invention was made to a person having ordinary skill in the art to which the subject matter pertains;

j.   The specifications of the Asserted Patents do not contain a written description of the alleged inventions and of the manner or process of making and using them, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which such subject matter pertains, or with which it is most nearly connected, to make and use the same; and/or

k.   The specifications of the Asserted Patents do not conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicants regarded as their inventions.

4.   The Asserted Patents are limited in scope and are invalid and void because additional prior art exists that anticipates or renders obvious the subject matter of the Asserted Patents.

5.   The claims of the Asserted Patents, if given an interpretation sufficiently broad as to cover any device manufactured, used, offered for sale, sold, or imported by U.S. Bank, or any method practiced by U.S. Bank, are invalid.

<b>Fourth Affirmative Defense</b><br>(No Cost)

6.   35 U.S.C. § 288 bars Unified Messaging from recovering costs associated with this action with respect to the '074 Patent.

7.   35 U.S.C. § 288 bars Unified Messaging from recovering costs associated with this action with respect to the '141 Patent.

8.   35 U.S.C. § 288 bars Unified Messaging from recovering costs associated with this action with respect to the '306 Patent.

9.      35 U.S.C. § 288 bars Unified Messaging from recovering costs associated with this action with respect to the '313 Patent.

10.     35 U.S.C. § 288 bars Unified Messaging from recovering costs associated with this action with respect to the '148 Patent.

### Fifth Affirmative Defense
(Estoppel)

11.     Unified Messaging is estopped from asserting infringement of the claims of the Asserted Patents by virtue of admissions, amendments, or arguments, made to the United States Patent and Trademark Office ("USPTO") during the prosecution of the application from which the Asserted Patents matured, which admissions, amendments, or arguments were made for the purpose of attempting to distinguish over prior art relied upon by the United States Patent Examiner when rejecting claims so as to thereby secure allowance of such claims.

### Sixth Affirmative Defense
(Unclean Hands)

12.     Unified Messaging's claims are barred by the equitable defense of unclean hands.

### Seventh Affirmative Defense
(Laches)

13.     Unified Messaging's claims are barred by the equitable defense of laches.

### Eighth Affirmative Defense
(Acquiescence)

14.     Unified Messaging's claims are barred by the equitable defense of acquiescence.

### Ninth Affirmative Defense
(Time Limitation and Marking)

15.     Unified Messaging's claims for damages are barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation) and 35 U.S.C. § 287 (marking).

**Tenth Affirmative Defense**
(Reverse Doctrine of Equivalence)

16.     In the event that it is determined that the accused products literally satisfy the limitations of the Asserted Patents' claims, U.S. Bank is not liable to Unified Messaging for infringement of the Asserted Patents under the reverse doctrine of equivalence.

**Eleventh Affirmative Defense**
(Lack of Standing)

17.     Unified Messaging lacks standing to allege infringement of the '074 Patent.

18.     Unified Messaging lacks standing to allege infringement of the '141 Patent.

19.     Unified Messaging lacks standing to allege infringement of the '306 Patent.

20.     Unified Messaging lacks standing to allege infringement of the '313 Patent.

21.     Unified Messaging lacks standing to allege infringement of the '148 Patent.

WHEREFORE, U.S. Bank respectfully requests that this Court:

a.     Deny the relief sought by Unified Messaging and dismiss Unified Messaging's Complaint with prejudice;

b.     Award U.S. Bank its costs and fees incurred in defending this action; and

c.     Grant U.S. Bank such other relief that is just and proper.

**Counterclaims**

U.S. Bank National Association ("U.S. Bank"), for its counterclaims against Unified Messaging, alleges as follows:

1.      These counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Subject matter jurisdiction is conferred in this Court under 28 U.S.C. § 1338(a). There is a justifiable controversy concerning the validity, enforceability and infringement of the Asserted Patents, as set forth in the Complaint and in this Answer to which these Counterclaims are appended.

2.      U.S. Bank National Association is a national association organized under the laws of the United States with its principal place of business in Minneapolis, Minnesota.

3.      Upon information and belief, Unified Messaging is a limited liability company existing under the laws of Texas with its principal place of business in Newport Beach, California and Frisco, Texas.

4.      Upon information and belief, Unified Messaging is the exclusive licensee of the Asserted Patents.

**Counterclaim I**

(For Declaration of Invalidity of the '074 Patent)

5.      The allegations of Paragraphs 1 through 5 are incorporated by reference as if fully restated here.

6.      The '074 Patent is invalid, unenforceable and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116 for one or more of the reasons set forth in U.S. Bank's Affirmative Defenses.

**Counterclaim II**

(Declaration of Non-Infringement of the '074 Patent)

7.      The allegations of Paragraphs 1 through 5 are incorporated herein by reference as if fully restated here.

8.     U.S. Bank has not infringed, and is not now directly or indirectly infringing, contributorily infringing or in any way inducing infringement of any valid claim of the '074 Patent.

9.     Unified Messaging is estopped to assert that any claim of the '074 Patent is entitled to an interpretation of sufficient scope to cover the manufacture, use, sale, or offering for sale or importation of any of U.S. Bank's devices or processes by virtue of admissions, amendments, and arguments, made to the USPTO during prosecution of the application from which the '074 Patent issued.

## Counterclaim III

### (For Declaration of Invalidity of the '141 Patent)

10.     The allegations of Paragraphs 1 through 5 are incorporated by reference.

11.     The '141 Patent is invalid, unenforceable and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116 for one or more of the reasons set forth in U.S. Bank's Affirmative Defenses.

## Counterclaim IV

### (Declaration of Non-Infringement of the '141 Patent)

12.     The allegations of Paragraphs 1 through 5 are incorporated herein by reference as if fully restated here.

13.     U.S. Bank has not infringed, and is not now directly or indirectly infringing, contributorily infringing or in any way inducing infringement of any valid claim of the '141 Patent.

14.     Unified Messaging is estopped to assert that any claim of the '141 Patent is entitled to an interpretation of sufficient scope to cover the manufacture, use, sale, or offering

for sale or importation of any of U.S. Bank's devices or processes by virtue of admissions, amendments, and arguments, made to the USPTO during prosecution of the application from which the '141 Patent issued.

## Counterclaim V

### (For Declaration of Invalidity of the '306 Patent)

15.     The allegations of Paragraphs 1 through 5 are incorporated by reference.

16.     The '306 Patent is invalid, unenforceable and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116 for one or more of the reasons set forth in U.S. Bank's Affirmative Defenses.

## Counterclaim VI

### (Declaration of Non-Infringement of the '306 Patent)

17.     The allegations of Paragraphs 1 through 5 are incorporated by reference.

18.     U.S. Bank has not infringed, and is not now directly or indirectly infringing, contributorily infringing or in any way inducing infringement of any valid claim of the '306 Patent.

19.     Unified Messaging is estopped to assert that any claim of the '306 Patent is entitled to an interpretation of sufficient scope to cover the manufacture, use, sale, or offering for sale or importation of any of U.S. Bank's devices or processes by virtue of admissions, amendments, and arguments, made to the USPTO during prosecution of the application from which the '306 Patent issued.

## Counterclaim VII

### (For Declaration of Invalidity of the '313 Patent)

20.     The allegations of Paragraphs 1 through 5 are incorporated herein by reference as if fully restated here.

21.     The '313 Patent is invalid, unenforceable and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116 for one or more of the reasons set forth in U.S. Bank's Affirmative Defenses.

## Counterclaim VIII

### (Declaration of Non-Infringement of the '313 Patent)

22.     The allegations of Paragraphs 1 through 5 are incorporated by reference.

23.     U.S. Bank has not infringed, and is not now directly or indirectly infringing, contributorily infringing or in any way inducing infringement of any valid claim of the '313 Patent.

24.     Unified Messaging is estopped to assert that any claim of the '313 Patent is entitled to an interpretation of sufficient scope to cover the manufacture, use, sale, or offering for sale or importation of any of U.S. Bank's devices or processes by virtue of admissions, amendments, and arguments, made to the USPTO during prosecution of the application from which the '313 Patent issued.

## Counterclaim IX

### (For Declaration of Invalidity of the '148 Patent)

25.     The allegations of Paragraphs 1 through 5 are incorporated by reference.

26.     The '148 Patent is invalid, unenforceable and void for failure to comply with the statutory requirements of 35 U.S.C. §§ 101, 102, 103, 112, 115, and 116 for one or more of the reasons set forth in U.S. Bank's Affirmative Defenses.

## Counterclaim X

(Declaration of Non-Infringement of the '148 Patent)

27.     The allegations of Paragraphs 1 through 5 are incorporated by reference.

28.     U.S. Bank has not infringed, and is not now directly or indirectly infringing, contributorily infringing or in any way inducing infringement of any valid claim of the '148 Patent.

29.     Unified Messaging is estopped to assert that any claim of the '148 Patent is entitled to an interpretation of sufficient scope to cover the manufacture, use, sale, or offering for sale or importation of any of U.S. Bank's devices or processes by virtue of admissions, amendments, and arguments, made to the USPTO during prosecution of the application from which the '148 Patent issued.

### Prayer For Relief

WHEREFORE, U.S. Bank prays for judgment against Unified Messaging on U.S. Bank's counterclaims as follows:

a.     A declaratory judgment that the '074 Patent is invalid, unenforceable and void in law.

b.     A declaratory judgment that U.S. Bank has not directly or indirectly infringed the '074 Patent, and that U.S. Bank has not infringed the '074 Patent either through contributorily infringing or in any way inducing infringement.

c.     A declaratory judgment that the '141 Patent is invalid, unenforceable and void in law.

d.     A declaratory judgment that U.S. Bank has not directly or indirectly infringed the '141 Patent, and that U.S. Bank has not infringed the '141 Patent either through contributorily infringing or in any way inducing infringement.

e.     A declaratory judgment that the '306 Patent is invalid, unenforceable and void in law.

f.     A declaratory judgment that U.S. Bank has not directly or indirectly infringed the '306 Patent, and that U.S. Bank has not infringed the '306 Patent either through contributorily infringing or in any way inducing infringement.

g.      A declaratory judgment that the '313 Patent is invalid, unenforceable and void in law.

h.      A declaratory judgment that U.S. Bank has not directly or indirectly infringed the '313 Patent, and that U.S. Bank has not infringed the '313 Patent either through contributorily infringing or in any way inducing infringement.

i.      A declaratory judgment that the '148 Patent is invalid, unenforceable and void in law.

j.      A declaratory judgment that U.S. Bank has not directly or indirectly infringed the '148 Patent, and that U.S. Bank has not infringed the '148 Patent either through contributorily infringing or in any way inducing infringement.

k.      An order permanently enjoining and restraining Unified Messaging from further charges of infringement or acts of enforcement based on the Asserted Patents against U.S. Bank, its representatives, agents and customers, both present and prospective.

l.      An order finding this to be an exceptional case under 35 U.S.C. § 285 and awarding U.S. Bank its attorneys' fees incurred in connection with this litigation.

m.      Such other and further relief as may be just and equitable.

**Demand For Jury Trial**

U.S. Bank hereby demands a trial by jury of all issues so triable.

Dated: April 1, 2013                    Respectively submitted,

                                             */s/*_____

                                             **FOX, SWIBEL, LEVIN & CARROLL, LLP**
Martin B. Carroll
200 W. Madison Street, Suite 3000
Chicago, Illinois 60606
Telephone: (312) 224-1200
Facsimile: (312) 224-1202
Email: mcarroll@fslc.com

**ROBINS, KAPLAN, MILLER & CIRESI L.L.P.**
Michael A. Collyard (MN Bar No. 0302569)
(Northern District of Illinois Member )
Ryan M. Schultz (MN Bar No. 0392648)
(*pro hac vice* pending)
800 LaSalle Avenue, Suite 2800

Minneapolis, Minnesota 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
E-mail:      MACollyard@rkmc.com
              RMSchultz@rkmc.com

**Attorneys For Defendants U.S. Bancorp and U.S. Bank National Association**

**CERTIFICATE OF SERVICE**

/s/ _____